# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 1:11-cv-1436-JMS-DKL |
| | ) |
| ROSE VAISVILAS, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry Discussing Motion for Preliminary Injunction

The plaintiff, a state prisoner, seeks the issuance of a preliminary injunction.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). An injunction is an equitable remedy so its issuance is one which falls within the sound discretion of the district court. *See Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944). A court may issue a stay pending appeal or an order granting interim injunctive relief only when the movant demonstrates: (a) he is likely to succeed on the merits; (b) that he is likely to suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in his favor; and (d) that an injunction is in the public interest. *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008). The "movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1292 (D.C.Cir. 2009).

The plaintiff's motion for a preliminary injunction [23] is **denied**. The reasons for this ruling include the following:

1.      In his motion, the plaintiff seeks an order that defendant Dr. William H. Wolfe provide him medication for chronic constipation. Process has not been

issued to Dr. Wolfe and the court has not acquired *in personam* jurisdiction over any of the defendants. Further, it has not been determined whether a legally viable claim is asserted against Dr. Wolfe in the amended complaint. Thus, the screening required by 28 U.S.C. § 1915A(b) has not been conducted.

       2.    The plaintiff alleges that he could be irreparably injured if he does not receive his constipation medication, but he has not explained what injuries he would suffer and has not provided medical evidence regarding his need for the medication.

       3.    The relief sought by the plaintiff would not be consistent with the Supreme Court's directions that "federal courts . . . afford appropriate deference and flexibility to state officials trying to manage a volatile environment[.]" *Sandin v. Conner,* 515 U.S. 472, 483 (1995). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode,* 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks,* 548 U.S. 521, 528 (2006); *Bell v. Wolfish,* 441 U.S. 520, 527 (1979). *See Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir. 1998) ("it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison[.]").

      **IT IS SO ORDERED.**

Date: 01/09/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Taylor
No. 905002
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel