```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF INDIANA
```

| | |
|---|---|
| JOSEPH TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
|   v. | )   1:11-cv-1436-JMS-DKL |
| | ) |
| ROSE VAISVILAS, et al., | ) |
| | ) |
|     Defendants. | ) |

**E N T R Y**

The plaintiff's second motion for court appointed attorney has been considered.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541 F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The court finds at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because he has and will have a meaningful opportunity to present his claim, he has demonstrated familiarity with his claims and the ability to present them, because the issues presented by the claims are not complex, and because this does not appear to be a case in which the presence of counsel would make a difference in the outcome. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir. 1993); *DiAngelo v. Illinois Department of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989) ("[m]ost indigent parties in civil cases must fend for themselves here, attempting to persuade lawyers to take their cases and representing themselves if members of the bar think their claims weak"). Having considered the complexity of the plaintiff=s claims and his ability to litigate his case, this is not a case in which at present it is appropriate to seek representation for the plaintiff.

Based on the foregoing, the plaintiff's second motion for appointment of counsel [26] is **denied.**

**IT IS SO ORDERED.**

Date: 04/04/2012

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Taylor
No. 905002
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel