UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH TAYLOR, | ) |
| Plaintiff, | ) ) |
| v. | ) 1:11-cv-1436-JMS-DKL |
| ROSE VAISVILAS, et al., | ) ) ) |
| Defendants. | ) |

# E N T R Y

The plaintiff in this civil rights action previously sought the appointment of counsel. He did so not once, but twice. On each occasion, the court examined his filings, considered his claims, and properly applied the factors pertinent to such a request. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007)(the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it themselves)(en banc).

The court has the authority to consider its rulings pertaining to the plaintiff's motions to appoint counsel. *Peterson v. Lindner,* 765 F.2d 698, 704 (7th Cir. 1985)(a district court clearly has the "inherent power to modify or rescind interlocutory orders prior to final judgment"). This authority is not conferred by Rule 59 of the *Federal Rules of Civil Procedure,* despite the plaintiff's contention otherwise. *See United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

The plaintiff has not shown that the court erred in its analysis or conclusion referred to above. Accordingly, his motion for Rule 59 new trial or motion to alter or amend [29] is **denied**. *See Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006) ("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

**IT IS SO ORDERED.**

Date: 04/16/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Taylor
No. 905002
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

All electronically registered counsel