# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOSEPH TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 1:11-cv-1436-JMS-DKL |
| | ) |
| CORIZON, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## Entry and Notice

### I.

Joseph Taylor, the plaintiff in this Eighth Amendment suit brought pursuant to 42 U.S.C. § 1983, was given a period of time in which to clarify the equivocal notice of dismissal he had filed on May 11, 2012. Specifically, Taylor was instructed "to either file a notice of dismissal—to be unequivocal—or report that he seeks to proceed in the matter."

A case may be dismissed under Fed.R.Civ.P. 41(b) for failure to follow an order of the court. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Such a sanction is "very harsh," and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *See Williams v. Chicago Board of Education,* 155 F.3d 853, 857 (7th Cir. 1998) (per curiam) (citation and internal quotation marks omitted). Thus, a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff. *See Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018-19 (7th Cir. 2000); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993).

In this case, Taylor's failure to following the court's order suggests his abandonment of the action or his unwillingness to obey the court's order. The former situation will be acknowledged, whereas the latter situation is not tolerable. *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005)("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court . . . .")(citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993)).

Because there are other possible explanations, however, and because Taylor is proceeding pro se—although he is an experienced federal civil litigator—the court issues this notice rather than dismiss the action.

## II.

Joseph Taylor shall have **through August 2, 2012**, in which to clarify the equivocal notice of dismissal he had filed on May 11, 2012. Specifically, in doing so Taylor shall either file an unequivocal notice of dismissal or report that he seeks to proceed in the matter.

If Taylor fails to proceed as directed above, the court may dismiss the action, if appropriate, without further notice to him.

**IT IS SO ORDERED.**

Date: 07/18/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph A. Taylor
DOC # 905002
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel