UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOSEPH TAYLOR,                    )
                                  )
                    Plaintiff,    )
        v.                        )        1:11-cv-1436-JMS-DKL
                                  )
CORIZON, INC., et al.,            )
                                  )
                    Defendants.   )

**Entry Discussing Motion Seeking Recusal**

**I.**

Under 28 U.S.C. ' 455(a), a federal judge must disqualify herself Ain any proceeding in which h[er] impartiality might reasonably be questioned.@ *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer.@ *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) Aasks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry.@

The plaintiff seeks the recusal of the undersigned because he disagrees with one or more rulings in this Eighth Amendment civil rights action involving the alleged failure of medical providers to deliver constitutionally adequate medical care.

Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re*

*Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The plaintiff's dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. *See United States v. Grinnell Corp.,* 384 U. S. 563, 583 (1966) ("alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case"). The plaintiff's suggestion otherwise is both frivolous and contrived.

Based on the foregoing, the plaintiff's motion for recusal [dkt. 83] is **denied.**

## II.

The same motion which is discussed in Part I of this Entry seeks reconsideration of the Entry issued on April 25, 2013. In that Entry, the court denied the plaintiff's motion for oral argument as to the pending motion for summary judgment and gave the plaintiff a period of time in which to support his opposition to the motion for summary judgment in the manner permitted by Local Rule 56(1)-1(b). *See Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process).

Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension" *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.

1990)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). As explained in Part I of this Entry, no showing of the bias of the undersigned has been made, and nothing else the motion to reconsider warrants reconsideration of either portion of the Entry of April 25, 2013.   Accordingly, the plaintiff's motion to reconsider [dkt. 83] is **denied**. *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process).

Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension" *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). As explained in Part I of this Entry, no showing of the bias of the undersigned has been made, and nothing else the motion to reconsider warrants reconsideration of either portion of the Entry of April 25, 2013. Accordingly, the plaintiff's motion to reconsider [dkt. 83] is **denied**.

## Conclusion

For the reasons stated, the plaintiff's motion for recusal and plaintiff's motion to reconsider [dkt. 83] is **denied.**   This entry resolves all issues raised in dkt. 83.

**IT IS SO ORDERED.**

Date: 05/16/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph A. Taylor
DOC # 905002
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel