**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JOSEPH TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:11-cv-1436-JMS-DKL |
| | ) | |
| CORIZON MEDICAL SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 30, 2013, the Court entered summary judgment in favor of the Defendants on *pro se* Plaintiff Joseph Taylor's Eighth Amendment claim pursuant to 42 U.S.C. § 1983. [Dkt. 93 at 12.] To the extent Taylor asserted any state law claims, the Court relinquished supplemental jurisdiction over those claims and remanded them to state court pursuant to 28 U.S.C. § 1367(c)(3). [*Id.*] On September 20, 2013, Taylor filed a Motion to Alter or Amend pursuant to Federal Rule of Civil Procedure 59(e). [Dkt. 97.] For the following reasons, that motion is **DENIED**.

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). Rule 59(e) allows the Court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citation omitted).

Taylor has not presented any newly discovered evidence; thus, his motion must be denied unless he can demonstrate a manifest error of law. Taylor's legal argument hinges on his belief that the Court ignored his claim that prescribed medical care for irritable bowel syndrome was

1

interfered with and that "[s]uch conduct amounts to deliberate indifference."  [Dkt. 97 at 6-9.]

But Taylor disregards that the Court concluded, based on cited case law, that "[n]othing in the

Eighth Amendment, which prohibits certain punishment, requires a state to provide an inmate,

free of charge, with a necessary commodity that would not be free outside the prison walls and

which the inmate has the legal means to obtain."  [Dkt. 93 at 9 (citations omitted).]  Specifically,

"[i]f the inmate can afford the medicine but chooses to apply his resources elsewhere, it is the

inmate, and not the prison official, who is indifferent to serious medical needs."  [*Id.*]  Taylor

does not challenge that holding as a manifest error of law.  While he tries to advance a separate

claim for interference with prescribed treatment, Taylor ignores that such a claim fails because of

the Court's unchallenged holding that he had no Eighth Amendment right to that treatment in the

first place.

The evidence presented on summary judgment established that Taylor had the legal

means and resources to obtain a fiber supplement from the commissary but chose to apply his

resources elsewhere.  [Dkt. 93 at 7-8.]  While Taylor challenges the Court's conclusion that he

could afford the available fiber supplement, [dkt. 97 at 9], as the Court pointed out in its

summary judgment order, he provided no evidence supporting that contention and Taylor's

prison commissary records clearly showed otherwise, [dkt. 93 at 8].  *See Johnson v. Cambridge

Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (reiterating that summary judgment "is the 'put up

or shut up' moment in a lawsuit, when a party must show what evidence it has that would

convince a trier of fact to accept its version of events").  Additionally, while Taylor argues that

he did not concede that the fiber supplement available at the commissary was equivalent to the

supplement he was prescribed, [dkt. 97 at 9], that argument contravenes his admission otherwise

on summary judgment, [dkt. 87 at 3-4], and, regardless, Taylor has no Eighth Amendment right

to "demand specific care[,]" *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011).

**Because Taylor has not presented any newly discovered evidence or demonstrated that the Court made a manifest error of law, the Court DENIES his Motion to Alter or Amend pursuant to Federal Rule of Civil Procedure 59(e). [Dkt. 97.] The Court recently received a request from Taylor for a copy of the docket sheet in this matter. [Dkt. 98.] The Court GRANTS that request and directs the Clerk to enclose a copy of the docket sheet when it mails this entry to Taylor.**

10/10/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Joseph A. Taylor
DOC # 905002
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

All Electronically Registered Counsel

3